IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ Northern DIVISION

RECEIVED
2018 AUG -8  A 11: 58

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LUCIOUS WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER: 2:18-cv-720 |
| ) | |
| ) | |
| ) | JURY DEMAND |
| ) | |
| UC EASTCHASE, LLC d/b/a URBAN ) | |
| COOKHOUSE, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**I.   JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §1981 providing for injunctive and other relief against race discrimination in employment.

2. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202.

3. The plaintiff has timely filed this race discrimination suit within four (4) years of the discriminatory treatment.

**II.   PARTIES**

4. Plaintiff, Lucious Wright, is a citizen of the United States and a resident of the State of Alabama. The plaintiff was employed by the defendant at its Montgomery, Alabama

1

location.

5. UC Eastchase, LLC is a foreign limited liability company with operations in Montgomery, Alabama and its registered agent is CT Corporation System located at 2 North Jackson Street STE 605, Montgomery, Alabama 36104.

### III. STATEMENT OF FACTS

6. The plaintiff re-alleges and incorporates by reference paragraphs 1-5 with the same force and effect as if fully set out in specific detail herein below.

7. Plaintiff Wright has significant experience as a prep-cook.

8. Plaintiff Wright is African-American.

9. Plaintiff Wright contacted Defendant's Caucasian general manager, Danielle Dean, for the purpose of obtaining employment at Defendant's Urban Cookhouse restaurant located at 7712 Eastchase Parkway and shown below:



10. Ms. Dean had Plaintiff Wright come in for an interview and she immediately hired Plaintiff because of his prior prep-cook experience.

11. Ms. Dean scheduled Plaintiff Brown to work his first shift on April 4, 2016.

12. Plaintiff Brown came to work on April 4, 2016 and he was introduced to the kitchen manager, Miguel "Last Name Unknown."

13. Plaintiff was also given two Urban Cookhouse t-shirts, shown below, to wear as his uniform:



14. Miguel LNU's race is Hispanic or Latino.

15. Plaintiff Brown successfully performed the job for which he was hired during the shift on April 4, 2016, however Miguel LNU and the other Hispanic/Latino kitchen staff mostly ignored Plaintiff speaking Spanish throughout the shift.

16. Plaintiff cannot speak Spanish.

17. Plaintiff was paid for approximately 7 hours of work on April 4, 2016 as evidenced on the following W-2 excerpts:



And,

18. At the end of the shift Miguel LNU advised Plaintiff to leave his phone number on the board and that he would call Plaintiff with his schedule.

19. Miguel LNU never contacted Plaintiff with a schedule so he called the restaurant and spoke with Ms. Dean inquiring when he was going to get his schedule.

20. Ms. Dean advised Plaintiff "they" were trying to find a spot for him.

21. Plaintiff continued to call weekly for a month inquiring about his schedule.

22. Thereafter, Plaintiff went to the restaurant to inquire about his schedule in-person.

23. Once there he was able to observe a Hispanic/Latino woman working in the position he had held on April 4, 2016. She was not employed on April 4, 2016 during the shift Plaintiff worked.

24. Plaintiff Wright had been fired without his knowledge and replaced with a Hispanic/Latino individual.

## IV.  ADDITIONAL STATEMENTS OF FACT AND CAUSES OF ACTION

### A.  CLAIM ONE – RACE DISCRIMINATION

25. Plaintiff Wright brings his race based discrimination claim pursuant to 42 U.S.C. § 1981.

26. Plaintiff was hired by Defendant, worked for Defendant, and Defendant was the plaintiff's employer for purposes of 42 U.S.C. § 1981. See *supra* SOF at ¶¶ 8-13, 17.

27. Plaintiff Wright is an African-American male and the relevant non-African-American decision makers that ended his employment with Defendant, Ms. Dean and Miguel LNU were aware of his race. See *supra* SOF at ¶¶ 8-9, 14.

28. Plaintiff Wright performed his job without issue. See *supra* SOF at ¶ 15.

29. Plaintiff was qualified to perform his job as evidenced by the fact that he already was working in the position and at the end of the shift he was told he would receive his new work schedule. See *supra* SOF at ¶¶ 15, 18.

30. The kitchen where Plaintiff was assigned was comprised of Hispanic/Latino staff only and the manager of the kitchen was Hispanic/Latino. See also *supra* SOF ¶¶ 14-15.

31. Plaintiff was removed from the schedule or never placed again on the schedule and he was replaced by a Hispanic/Latino individual. See also *supra* SOF ¶¶ 19-24.

32. Based on the forgoing, because of his race, Plaintiff was discriminated against and forced to work under terms and/or conditions of employment less favorable than those applied to

      Hispanic/Latino employees, where unlike the plaintiff here:

         a) Hispanic/Latino employees were allowed to work in the kitchen under a Hispanic/Latino manager and remain employed after their first day; and,

         b) Hispanic/Latino employees were scheduled to work in the kitchen as long as they successfully performed their work.

33. These differences in the terms and conditions of Plaintiff's employment in conjunction with Plaintiff's termination, constitute an adverse employment action, and/or differences meant to bring about an adverse employment action such as his termination or constructive discharge.

34. As a result of this adverse employment action, the plaintiff has suffered lost wages, benefits.

35. The facts as pled above Defendant's intent to discriminate against Plaintiff because of his race.

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

    i. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant as applied to the plaintiff are violative of his rights secured by 42 U.S.C. §1981;

    ii. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. §1981;

    iii. Enter an order requiring the defendant to make the plaintiff whole by awarding him his prior position, compensatory damages, and punitive damages, and/or nominal damages; and,

    iv. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/ Robert J. Camp
Robert J. Camp
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

7

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

_____
Robert J. Camp

DEFENDANT'S ADDRESS:
UC Eastchase, LLC d/b/a Urban Cookhouse
CT Corporation System
2 North Jackson Street STE 605
Montgomery, Alabama 36104.